## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 11-1558 DOC (JPRx)                            Date: June 5, 2012

Title: PRUDENTIAL REAL ESTATE AFFILIATES, INC. V. SOUTH O'TOWN REALTY COMPANY, INC.; KATHERINE R. SANDERS

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                    NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO WITHDRAW AS COUNSEL

      Before the Court is a Motion to Withdraw as Counsel as Counsel of Record for Defendant South O'Town Realty Company, Inc. ("South O'Town") filed by Gordee, Nowicki & Augustini LLP ("GNA")("Motion to Withdraw") (Docket 23). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving papers, the Court GRANTS the Motion to Withdraw.

### I. BACKGROUND

      GNA, counsel for both South O'Town and the individual defendant Katherine Sanders, seeks leave to withdraw as counsel for South O'Town due to its failure to pay GNA's fees once the retainer had expired. Gordee Decl., ¶ 3. No opposition has been filed to this Motion and Ms. Sanders has already signed a request to replace GNA as her counsel by representing herself. *See* Docket 18.

### II. LEGAL STANDARD

      An attorney may withdraw as counsel only with leave of the court and with reasonable notice to all other parties. Local R. 83-2.9.2.1. The trial court has discretion in determining whether to grant counsel's motion for withdrawal. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). If a withdrawal would result in a delay in prosecution, a showing of good cause and that the

ends of justice would be served by this substitution of counsel are required. Local R. 83-2.9.2.4; *see Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The disruptive impact that counsel's withdrawal would have on the case can also be a consideration for the court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). However, the risk that substitute counsel will be difficult to obtain or that the client will be subject to a default judgment, does not justify denying a motion for withdrawal. *Portsmouth Redev. & Housing Auth. v. BMI Apartments Assocs.*, 851 F. Supp. 775, 786-87 (E.D. Va. 1994).

In deciding a motion to withdraw, courts have considered various factors, including motivations for and the effect of the withdrawal and the relevant professional rules of responsibility. *See Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996) (considering why withdrawal was sought, prejudice that may be caused to other litigants, administration of justice, delay that may result and related state rules of professional conduct)*; Haines v. Liggett Group, Inc.,* 814 F. Supp. 414, 423 (D.N.J. 1993) (in denying counsel's request to withdraw, court considered equitable factors and held that state bar professional rules apply); *cf. Byrd v. Dist. of Columbia*, 271 F. Supp. 2d 174, 178 n.6 (D.D.C. 2003) (observing that courts may seek guidance from, but cannot base their decisions solely on, rules of professional responsibility in determining whether there is good cause to grant withdrawal for counsel). Similarly, the Court considers the California State Bar Rules of Professional Conduct 3-700(C), which provide for permissive withdrawal of counsel when "continued employment is likely to result in a violation of these rules or of the State Bar Act"or when the client "knowingly and freely assents to termination of the employment." 3-700(C)(2); 3-700(C)(5).

In some circumstances, courts have held that failure to pay even sizable sums is not sufficient to allow attorneys to withdraw. For example, sometimes withdrawal is not allowed when trial is imminent because withdrawal at such a time would severely prejudice the client. *See FTC v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) (refusing to allow withdrawal when trial was one month away and attorney had not shown that he had not been fully compensated under original retainer agreement). In addition, withdrawal is sometimes not allowed when the amount of unpaid fees is somewhat balanced out by significant past paid fees and the litigation is complicated, sophisticated, and at a more advanced stage of the proceedings. *See Hasbro, Inc. v. Serafino*, 966 F. Supp. 108, 110 (D. Mass. 1997) (refusing to allow withdrawal of attorney representing individual and corporate clients when fees had been paid in the past, individual client would be lost in litigation if he were forced to appear pro se, and the individual was possibly facing grand jury proceedings).

### III. DISCUSSION

GNA seeks leave to withdraw because South O'Town has failed to abide by GNA's engagement letter regarding a retainer for services and expenses. Continued representation without compensation would allegedly result in an unreasonable financial burden on GNA.

The Court is persuaded by the merits of GNA's Motion to Withdraw. It is well-established that

failure to pay fees is good cause to withdraw.  *See, e.g.*, *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1098-99 (N.D. Cal. 2003); *Mandell v. Superior Court of Los Angeles County*, 67 Cal. App. 3d 1 (1977); *see also* California Rule of Professional Conduct 3-700(C)(1)(f). There does not appear to be any prejudice to Plaintiff that would result from GNA's withdrawal, as evidenced by Plaintiff's lack of opposition to the Motion to Withdraw. Granting this Motion will also not result in delay to the resolution of this case. South O'Town shall have until **July 9, 2012** to retain new counsel. If South O'Town fails to do so, default judgment shall be entered against it. Ms. Sanders, the individual defendant, has already substituted herself for counsel, such that she appears to wish to proceed on a pro se basis. The Court, as always, is concerned about possible prejudice to the parties that will now lack counsel; nonetheless, it cannot be disputed that they have been given more than fair notice of the consequences of their failure to pay their fees.

### IV. DISPOSITION

For the foregoing reasons, the Motion to Withdraw is hereby GRANTED.

The Clerk shall serve this minute order on all parties to the action.